Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LINNEY OFENSTEIN,

Plaintiff,

v.

LEAD BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION, LLC

Defendants.

Case No.: 8:23-cv-1432

**Complaint for Damages:**
**Violation of Fair Credit Reporting Act**

Plaintiff, Linney Ofenstein, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant, Lead Bank is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

4. At all times pertinent hereto, Defendant Lead Bank is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant Lead Bank was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6. Defendants Lead Bank is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of California, with North American Headquarters in Costa Mesa, CA.

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing

business in the State of California.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in California.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

23. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## IV. FACTUAL ALLEGATIONS

25. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Lead Bank, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

26. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

27. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

28. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

29. Plaintiff discovered the Lead Bank account # 48574**** on her Equifax, Experian, and TransUnion consumer reports in error (the "Account").

30. During the course of repayment of the Account, Plaintiff satisfied the Account in full with payment to Lead Bank for full and final settlement of Plaintiff's obligation with respect to the Account.

31. Plaintiff resolved her liability on the Account, and the balance is $0 on the Account.

32. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on Account, Defendant Lead Bank continued, erroneously, to report a balance due and owing and various late payments with derogatory status on the Account to Experian, Equifax, and TransUnion.

33. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

34. On or about May 1, 2023 and June 23, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

35. On or about May 1, 2023 and June 23, 2023, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding Account reporting on Plaintiff's consumer report.

36. On or about May 1, 2023 and June 23, 2023, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

37. Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Lead Bank.

38. Upon information and belief, Lead Bank received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

39. Upon information and belief, Lead Bank verified the erroneous information associated with the Account to Equifax, Experian, and TransUnion.

40. Lead Bank failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

41. Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

42. Upon information and belief, Lead Bank failed to instruct Equifax, Experian, and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

43. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

44. At no point after receiving the Dispute Letters did Lead Bank, Equifax, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

45. Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by Lead Bank rather than grant credence to the information provided by Plaintiff.

46. The Plaintiff was denied credit and/or refrained from needed credit

applications due to the erroneous information associated with the Account.

**COUNT I – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

48. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

50. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully

set forth herein.

55. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

56. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

57. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EQUIFAX**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

61. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

62. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

63. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation

of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

64. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

68. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

69. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

70. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

71. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

72. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

73. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

75. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

76. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

77. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

78. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

79. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

80. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to

recover damages under 15 U.S.C. §1681o.

81. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VI – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

82. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

83. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

84. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

85. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

86. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

87. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

88. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – LEAD BANK

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**

89. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

90. After receiving the Dispute Letters, Lead Bank failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

91. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Lead Bank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Lead Bank's representations to consumer credit reporting agencies, among other unlawful conduct.

92. As a result of this conduct, action, and inaction of Defendant Lead Bank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

93. Defendant Lead Bank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

94. In the alternative, Defendant Lead Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

95. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Lead Bank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this August 7, 2023.

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff